**jackson|lewis** Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
44 South Broadway
14th Floor
White Plains NY 10601
Tel 914 872-8060
Fax 914 946-1216
www.jacksonlewis.com

| ALBANY NY | GREENVILLE SC | MONMOUTH COUNTY NJ | RALEIGH NC |
| ALBUQUERQUE NM | HARTFORD CT | MORRISTOWN NJ | RAPID CITY SD |
| ATLANTA GA | HONOLULU HI* | NEW ORLEANS LA | RICHMOND VA |
| AUSTIN TX | HOUSTON TX | NEW YORK NY | SACRAMENTO CA |
| BALTIMORE MD | INDIANAPOLIS IN | NORFOLK VA | SALT LAKE CITY UT |
| BIRMINGHAM AL | JACKSONVILLE FL | OMAHA NE | SAN DIEGO CA |
| BOSTON MA | KANSAS CITY REGION | ORANGE COUNTY CA | SAN FRANCISCO CA |
| CHICAGO IL | LAS VEGAS NV | ORLANDO FL | SAN JUAN PR |
| CINCINNATI OH | LONG ISLAND NY | PHILADELPHIA PA | SEATTLE WA |
| CLEVELAND OH | LOS ANGELES CA | PHOENIX AZ | ST. LOUIS MO |
| DALLAS TX | MADISON, WI | PITTSBURGH PA | STAMFORD CT |
| DAYTON OH | MEMPHIS TN | PORTLAND OR | TAMPA FL |
| DENVER CO | MIAMI FL | PORTSMOUTH NH | WASHINGTON DC REGION |
| DETROIT MI | MILWAUKEE WI | PROVIDENCE RI | WHITE PLAINS NY |
| GRAND RAPIDS MI | MINNEAPOLIS MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

June 1, 2016

**VIA ECF & U.S. MAIL**
Honorable James C. Francis, IV
U.S. Magistrate Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

        Re: Sharon McLeod v. Postgraduate Center for Mental Health, et al.; Case No. 14-cv-10041

Dear Judge Francis:

  We represent the Defendants, Postgraduate Center for Mental Health, Marcia Holman Diana Musca, Mary McGovern and Helaine Fox (collectively referred to herein as the "Defendants") in the above-referenced matter. We write this letter to apprise the Court of developments subsequent to the settlement of this matter in mediation on Friday, May 20, 2016.

  As the Court is aware, the parties attended the Court mandated mediation on May 20, 2016. Plaintiff was represented at the mediation by pro bono counsel assigned for the limited purpose of the mediation. The parties ultimately agreed to settle this matter for an agreed upon sum, and reduced the terms of the settlement to a written term sheet. However, on Monday, May 23, 2016, this office received a call from Plaintiff's pro bono counsel that the Plaintiff no longer wished to settle this matter. It is the intention of Defendants to enforce the settlement agreement for the agreed-upon settlement amount.

  On the day of the mediation, after agreeing on the settlement amount, the parties prepared a detailed term sheet outlining various provisions. In exchange for the settlement sum, Plaintiff agreed to execute a full release of claims in a separate Confidential Negotiated Settlement Agreement. The term sheets also stated that the Settlement Agreement will contain various provisions common to employment discrimination settlement agreements, including but not limited to both parties' strict confidentiality,[1] non-disparagement, no-rehire, non-admission, Medicare affirmation language, and a reference letter with dates of employment. Upon review and consideration, Plaintiff and her counsel signed and dated the term sheet.

---

[1] We have not initially included a copy of the term sheet with this submission due to the confidentiality provisions therein. Nonetheless, are prepared to file a redacted version, file the document under seal, or otherwise present it for an in camera review should the Court deem it necessary to review for enforcement purposes.



June 1, 2016
Page 2

Case law on the enforcement of settlement agreements under these circumstances is quite clear in this case. In Mapel v. Regis Corp., 2014 U.S. Dist. LEXIS 70100 (S.D.N.Y. 2014), a *pro se* Plaintiff alleged she was subjected to employment discrimination based on race. The case was referred to the Court's Alternative Dispute Resolution Program, and Plaintiff was assigned pro bono counsel for the limited purpose of representing her during the mediation. During the mediation, the parties agreed Plaintiff would dismiss the action in exchange for $13,000, a mutual release, a no-rehire provision, and a neutral reference provision. The parties also agreed to the timing of the settlement payment. Plaintiff and Defendant's counsel signed a document stating that after mediation the parties had reached a settlement agreement and would file the appropriate papers, but the specific terms listed above were not reduced to writing. Approximately one week later, one of the law students representing the plaintiff for purposes of the mediation called Defendant's counsel and stated that Plaintiff was revoking the settlement agreement. The Court ultimately held that even in this case where the pertinent terms were not reduced to writing, the settlement agreement was still held as enforceable.

This Court reached a similar conclusion in Suarez v. SCF CEDAR, LLC, 2016 U.S. Dist. LEXIS 34064 (S.D.N.Y. 2016). In that case, the parties had settled the matter using a term sheet as a preliminary agreement with the intention to enter into a more formal agreement at a later date. The Court ultimately enforced the term sheet stating, "A preliminary agreement is binding, despite the desire for a later formal document, 'when the [P]arties have reached complete agreement (including the agreement to be bound) on all issues perceived to require negotiation. Such an agreement is preliminary only in form — only in the sense that the Parties desire a more elaborate formalization of the agreement. The second stage is not necessary; it is merely considered desirable.'" Id. at *3 (quoting Hostcentric Technologies, Inc., 2005 U.S. Dist. LEXIS 11130 (S.D.N.Y. 2005)). In holding that the term sheet was enforceable, the Court highlighted the provisions in the term sheet, including, the amount of payment, as well as non-monetary terms such as confidentiality, non-disparagement, no admission of liability, and a general release.

Similarly, in this case as in Suarez, all of the pertinent terms were reduced to writing in the term sheet and signed by both parties and their counsel. Further, in the instant action Plaintiff was represented by counsel in mediation in the exact same manner as the Mapel case.

Based on the foregoing, we respectfully request that the Court enforce the settlement agreement and its terms as agreed to in mediation on May 20, 2016. Should Your Honor deem it necessary, we will make ourselves available for an in-person or telephonic conference to further discuss. Thank you in advance for your consideration of this request.

Respectfully yours,

JACKSON LEWIS P.C.

Michael L. Abitabilo

cc: Sharon McLeod, Plaintiff *Pro Se* (via FedEx)

4826-1407-8258, v. 1