UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
SHARON McLEOD,                                                    :
                                                                 :
                                              Plaintiff,          :  Case No. 14 CV. 10041
                                                                 :  (ALC) (JCF)
              - against -                                         :
                                                                 :
POSTGRADUATE CENTER FOR MENTAL                                    :
HEALTH, HELAINE FOX, MARCIA HOLMAN,                               :
DIANA MUSCA and MARY McGOVERN,                                    :
                                                                 :
                                              Defendants.         :
-------------------------------------------------------------------------------x


<u>MEMORANDUM OF LAW IN SUPPORT OF</u>
<u>DEFENDANTS' MOTION TO ENFORCE SETTLEMENT</u>

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ......................................................... 2

STATEMENT OF FACTS AND PROCEDURAL BACKGROUND.......................................... 2

ARGUMENT:
   THE PARTIES HAVE A VALID AND ENFORCEABLE
   SETTLEMENT AGREEMENT. ............................................... 5

CONCLUSION.................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

Cardona v. Community Access, Inc.,
   2013 U.S. Dist. LEXIS 10778, at *10 (E.D.N.Y. 2013)...........................................................5

Goldman v. C.I.R.
   39 F.3d 402, 405 (2d Cir. 1994)...................................................................................................5

Hostcentric Technologies, Inc.,
   2005 U.S. Dist. LEXIS 11130 (S.D.N.Y. 2005))........................................................................6

Mapel v. Regis Corp.
   2014 U.S. Dist. LEXIS 70100 (S.D.N.Y. 2014)........................................................................7

Suarez v. SCF CEDAR, LLC.
   2016 U.S. Dist. LEXIS 24064, at *3 (S.D.N.Y. 2016).........................................................5, 6

V'Soske v. Barwick,
   404 F.2d 495, 499 (2d Cir. 1968)................................................................................................6

Willgerodt on Behalf of Majority Peoples' Fund for 21st Century, Inc. v. Hohri.
   953 F. Supp. 557, 560 (S.D.N.Y. 1997).......................................................................................5

## PRELIMINARY STATEMENT

Following their participation in the Court's mandatory mediation program, the parties entered into a binding settlement agreement to resolve this case without further litigation. To that end, Plaintiff Sharon McLeod ("Plaintiff" or "McLeod"), who was represented at the mediation by counsel, executed a detailed term sheet by which she agreed to resolve and dismiss this case and all claims she might have against Defendants Postgraduate Center for Mental Health ("PCMH"), Helaine Fox, Marcia Holman, Diana Musca, and Mary McGovern (hereinafter collectively referred to as "Defendants"). Notwithstanding her commitment to be bound, Plaintiff, in the words of her counsel, "had a change of heart" and wished to decline the settlement. Plaintiff, however, cannot unilaterally revoke the parties' agreement. As explained more fully below, the circumstances demonstrate that the settlement agreement reached at mediation is binding. For this reason, the Court should enforce the parties' settlement and dismiss Plaintiff's case.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

By order dated December 14, 2015, this Court referred the present action to mediation. (Docket No. 21). On January 7, 2016, pursuant to the Southern District of New York's Alternative Dispute Resolution Program, Russell Morris, Esq. was assigned as the mediator. The mediation was held on May 20, 2016. Plaintiff appeared in person and was represented at the mediation by Vartges Saroyan, Esq., *pro bono* counsel assigned for the limited purpose of the mediation. Defendants Marcia Holman and Mary McGovern participated on behalf of PCMH and in their capacities as individually named defendants, and were represented by Michael L. Abitabilo of Jackson Lewis P.C.

After several hours of mediation, the parties reached a complete agreement. Plaintiff agreed to settle and dismiss this action in exchange for a sum certain. In addition to the monetary settlement, the parties discussed and agreed to the following settlement terms: (1) a full release of all claims by Plaintiff; (2) both parties' strict confidentiality; (3) non-disparagement; (4) a no re-hire provision; (5) non-admission language; (6) medicare affirmation language; and (7) a reference letter with dates of employment. Notwithstanding the parties' agreement to include such terms in a comprehensive Confidential Negotiated Settlement Agreement to be prepared after the mediation, the parties reduced their agreement to a written term sheet.[1] Upon review and consideration, Plaintiff and her pro bono counsel signed and dated the term sheet. A copy of the signed term sheet is attached to the Abitabilo Aff.[2] as Exhibit D.

On May 23, 2016, after Plaintiff and her counsel had agreed to the settlement and signed the detailed term sheet, Plaintiff's *pro bono* counsel called and later emailed Defendants' counsel, stating:

> Per the voicemail I left on your work phone earlier today, my client advises me that she has had a change of heart and would like to decline the offer. Rather than continue to discuss settlement offer amounts, she wants to proceed with litigation. I will soon notify the pro se office of these developments.
>
> I regret that we can [sic] ultimately could not resolve this matter out of court…

(Abitabilo Aff. Ex. E). In response to this message, Defendants' counsel advised Plaintiff's counsel that the Defendants would seek to enforce the settlement agreement reached at the mediation. (Id.). Defendants' counsel also inquired about Plaintiff's counsel's continued

---

[1]     Due to the confidential nature of the settlement agreement, the amount has not been included herein. Defendants will seek permission to file the term sheet under seal, and an unredacted copy of the term sheet will be presented to the Court for inspection in connection with Defendants' attempt to enforce the settlement agreement.

[2]     References herein to the "Abitabilo Aff." and its exhibits refer to the Affirmation of Michael L. Abitabilo, Esq. In Support of Defendants' Motion to Enforce.

involvement in this case, given his appointment as *pro bono* counsel for mediation purposes only. (Abitabilo Aff. Ex. E).

On May 25, 2016, in response to an inquiry from the mediator, Plaintiff's counsel stated via e-mail that he was "sorting through things" with his client, and would provide an update by the end of that week. Thereafter, in an e-mail dated May 26, 2016, Plaintiff's counsel stated:

> I spoke with Ms. McLeod, and she asked me to note that she would not settle the case for less than 65% of [amount redacted]. In light of last Friday's mediation, she understands that defendants are exceedingly unlikely to offer that amount and understands that they may proceed by seeking to enforce the term sheet. She further understands that for all intents and purposes, this case is no longer in mediation and I will no longer represent her. Please direct any future communication to her directly.

(Abitabilo Aff. Ex. F).

On June 1, 2016, Defendants filed a letter via ECF informing Magistrate Judge Francis that Defendants would seek to enforce the settlement agreement. (Docket No. 29). On June 7, 2016, Defendants were advised by Magistrate Judge Francis's law clerk to file a formal Motion to Enforce the Settlement Agreement by June 14, 2016.[3] On June 7, 2016, the Court issued an Order referring this matter to Magistrate Judge James C. Francis for resolution. (Docket No. 30). On June 8, 2016, a letter was filed via ECF from Plaintiff requesting that the Court restore this matter the Southern District Mandatory Mediation Program and scheduled a Settlement Conference. (Docket No. 31). On June 9, 2016, Defendants file a letter via ECF opposing Plaintiff's requests. (Docket No. 33).

---

[3]     Notwithstanding the limited nature of *pro bono* counsel's appointment and counsel's statements regarding his ongoing representation of Plaintiff (or lack thereof), the Court directed Defendant to serve its motion papers upon both Plaintiff and her *pro bono* counsel.

**ARGUMENT**

**THE PARTIES HAVE A VALID AND ENFORCEABLE SETTLEMENT AGREEMENT.**

Plaintiff and Defendants entered into a valid and enforceable settlement agreement at mediation, and Plaintiff should be compelled to comply with that agreement. "Settlement agreements to end litigation are strongly favored … and may not be lightly cast aside. Afterthought or change of mind are not sufficient grounds to justify rejecting a settlement. Cardona v. Community Access, Inc., No. 11-cv-4129, 2013 U.S. Dist. LEXIS 10778, at *10 (E.D.N.Y. 2013) (citing Willgerodt on Behalf of Majority Peoples' Fund for 21st Century, Inc. v. Hohri, 953 F. Supp. 557, 560 (S.D.N.Y. 1997). Under well-settled law within the Second Circuit and beyond, the facts presented here demonstrate that the parties entered into a mutually binding settlement agreement.

"General principals of contract law must govern the interpretation of a settlement agreement." Suarez v. SCF CEDAR, LLC, No. 13-cv-7420, 2016 U.S. Dist. LEXIS 24064, at *3 (S.D.N.Y. 2016) (citing Goldman v. C.I.R., 39 F.3d 402, 405 (2d Cir. 1994). "To determine whether a settlement agreement was agreed to, the Court looks first to the plain language of the agreement." Id. "For a contract to be valid under New York law there must be an offer, acceptance, consideration, mutual assent, and an intent to be bound. When the terms of a contract are clear, the subjective intent of the Parties is irrelevant." Id.

Significantly, "[a] preliminary agreement is binding, despite the desire for a later formal document, 'when the [P]arties have reached complete agreement (including the agreement to be bound) on all issues perceived to require negotiation. Such an agreement is preliminary only in form — only in the sense that the Parties desire a more elaborate

formalization of the agreement. The second stage is not necessary; it is merely considered desirable.'" Id. at *3 (quoting Hostcentric Technologies, Inc., 2005 U.S. Dist. LEXIS 11130 (S.D.N.Y. 2005)).

"The Second Circuit has established two principles regarding the binding nature of a preliminary agreement: (1) 'if the [P]arties intend not to be bound until the signing of a formal document embodying their agreement, they will not be bound until then; and (2) the mere fact that the [P]arties contemplate memorializing their agreement in a formal document does not prevent their informal agreement from taking effect prior to that event.'" Id. at *3-4 (quoting V'Soske v. Barwick, 404 F.2d 495, 499 (2d Cir. 1968).

In Suarez v. SCF CEDAR, LLC, No. 13-cv-7420, 2016 U.S. Dist. LEXIS 24064, at *3 (S.D.N.Y. 2016), this Court ultimately held that the parties' written term sheet constituted an enforceable settlement agreement, noting that the term sheet listed the amount of payment, as well as non-monetary terms such as confidentiality, non-disparagement, no admission of liability, and a general release. Likewise, in this case, the parties' term sheet listed the parties' agreement as to the amount of payment *and* additional terms including confidentiality, non-disparagement, no-rehire, non-admission, and the provision of a neutral letter of reference. (Abitabilo Aff. Ex. D).

A review of the parties' term sheet reveals that all of the required elements of a binding contract – offer and acceptance, consideration, mutual assent, and an intent to be bound – are apparent. No material terms remained open. Both Plaintiff and her attorney signed the term sheet and neither made any indication that it was not a binding agreement. Also illustrative of the parties' intent to be bound by the agreement is the "whereas" clause immediately preceding the substantive provisions of the agreement, which unequivocally states: "**the parties have reached**

**an agreement to settle the above-referenced lawsuit."** (Abitabilo Aff. Ex. D). As in <u>Suarez</u>, the parties in the instant matter contemplated entering into a more formal Confidential Negotiated Settlement Agreement subsequent to the execution of the term sheet. As in <u>Suarez</u>, although the term sheet was "preliminary in form," the subsequent formal agreement contemplated therein is not necessary, but merely desirable. While Plaintiff may have "had a change of heart," that does not entitle her to unilaterally attempt to revoke her acceptance to a valid settlement agreement whose terms were not left open. For this reason alone, the settlement agreement can and should be enforced.

A similar issue was also discussed in <u>Mapel v. Regis Corp.</u>, 2014 U.S. Dist. LEXIS 70100 (S.D.N.Y. 2014). In <u>Mapel</u>, a *pro se* Plaintiff alleged she was subjected to employment discrimination based on race. The case was referred to the Court's Alternative Dispute Resolution Program, and Plaintiff was assigned pro bono counsel for the limited purpose of representing her during the mediation. During the mediation, the parties agreed Plaintiff would dismiss the action in exchange for $13,000, a mutual release, a no-rehire provision, and a neutral reference provision. The parties also agreed to the timing of the settlement payment. Plaintiff and Defendant's counsel signed a document stating that after mediation the parties had reached a settlement agreement and would file the appropriate papers, but the specific terms listed above were not reduced to writing. Approximately one week later, one of the law students representing the plaintiff for purposes of the mediation called Defendant's counsel and stated that Plaintiff was revoking the settlement agreement. The Court ultimately held that even in this case where the pertinent terms were not reduced to writing, the settlement agreement was still held as enforceable.

Here, Plaintiff was represented in mediation in the exact same manner as the plaintiff in <u>Mapel</u>. In <u>Mapel</u>, the pertinent terms of the settlement agreement were **not** memorialized in writing, but rather were agreed to orally. The Court nonetheless found the settlement agreement enforceable. The written term sheet in this case only further establishes the enforceability of the parties' settlement in this case.

It is undisputed that the parties agreed to settle this matter for a specific monetary amount and included various non-monetary provisions. Plaintiff did not voice any objections at the time she signed the term sheet, nor did she make any indication that she did not consider the terms binding. Given all of these circumstances, it is fundamentally fair to hold Plaintiff to the agreement she reached. After being explained each provision, Plaintiff agreed to be bound by these provisions. Accordingly, the settlement reached was both procedurally and substantively fair.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' respectfully request that the Court grant its motion to enforce settlement in its entirety. To the extent this Court finds that genuine issues of material fact preclude enforcement on the submission, Defendants respectfully request that an evidentiary hearing be scheduled.

Respectfully submitted,

JACKSON LEWIS P.C.

44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-6865

By: _____
Michael L. Abitabilo
John D. Bryan
*Attorneys for Defendants*

Dated:   June 14, 2016
         White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

SHARON McLEOD,                                  :
                                                :
                              Plaintiff,         :  Case No. 14 CV. 10041
                                                :  (ALC) (JCF)
        - against -                             :
                                                :
POSTGRADUATE CENTER FOR MENTAL                  :
HEALTH, HELAINE FOX, MARCIA HOLMAN,             :
DIANA MUSCA and MARY McGOVERN,                  :
                                                :
                              Defendants.        :

------------------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Memorandum of Law

in Support of their Motion to Enforce Settlement was filed via ECF and served via FedEx on

June 14, 2016, upon Plaintiff Sharon McLeod and Plaintiff's *pro bono* counsel at the following

addresses:

Sharon McLeod
150 Ocean Avenue, 1G
Brooklyn, New York 11225
Plaintiff *Pro Se*

Vartges W. Saroyan, Esq.
111-25 66th Avenue, Suite 1A
Forest Hills, New York 11375
Plaintiff's *pro bono* counsel

_____
Michael L. Abitabilo

4830-9440-5682, v. 3