UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
SHARON McLEOD,                        :  14 Civ. 10041 (ALC) (JCF)
                                      :
              Plaintiff,              :      REPORT AND
                                      :   RECOMMENDATION
      - against -                     :
                                      :
POST GRADUATE CENTER FOR MENTAL       :
HEALTH, HELAINE FOX, DIANA MUSCA,     :
MARCIA HOLMAN, and MARY MCGOVERN,     :
                                      :
              Defendants.             :
- - - - - - - - - - - - - - - - - - -:

| USDS SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 9/30/16 |

TO THE HONORABLE ANDREW L. CARTER, JR., U.S.D.J.:

    The defendants -- Postgraduate Center for Mental Health
("PCMH"), Marcia Holman, Diana Musca, and Mary McGovern -- seek
enforcement of a memorandum of understanding entered into with
the plaintiff, Sharon McLeod, on May 20, 2016, at the conclusion
of a mandatory mediation session.   Ms. McLeod requests the case
be restored to the Southern District's Mediation Program for a
further settlement conference.   For the following reasons, I
recommend that the defendants' motion be granted and the
plaintiff's request be denied.

Background

    Ms. McLeod, proceeding pro se, alleges that her former
employers harassed and retaliated against her on the basis of
her race in violation of Title VII of the Civil Rights Act of
1964, 42 U.S.C. § 2000e et seq.   The Court referred the case for
mediation to the Court's Alternative Dispute Resolution Program

1

and assigned Ms. McLeod pro bono counsel for the limited purpose of representing her during the mediation. (Order dated December 14, 2015; Notice of Limited Appearance of Pro Bono Counsel dated April 2, 2016).

Accompanied by their respective counsel, Ms. McLeod and PCMH, through its representatives Marcia Holman and Mary McGovern, attended the mediation on May 20, 2016. After several hours of negotiation, the parties filled out a memorandum of understanding, agreeing that Ms. McLeod would dismiss the action in exchange for a sum certain. (Memorandum of Understanding ("MOU"), attached as Exh. D to Affirmation of Michael L. Abitabilo dated June 14, 2016 ("Abitabilo Aff."), ¶ 4). They agreed on strict confidentiality, non-disparagement, a no re-hire provision, non-admission language, and a reference letter with dates of employment. (MOU, ¶ 3). They further agreed that Ms. McLeod would execute a full release of all claims. (MOU, ¶ 2). The parties and their attorneys signed the MOU agreeing to settle the lawsuit.

Three days later, Ms. McLeod's attorney telephoned defendants' counsel to communicate that Ms. McLeod was not satisfied with the agreement. (Email of Vartges Saroyan dated May 23, 2016 ("Saroyan email"), attached as Exh. E to Abitabilo Aff.). He followed up with an email stating, "[M]y client advises me that she has had a change of heart and would like to

decline the offer." (Saroyan Email). On June 14, 2016, the defendants filed a motion to enforce the settlement agreement. Ms. McLeod responded in a letter requesting that the Court restore the case to the calendar and schedule a settlement conference. Ms. McLeod asserted that "the law states that a waiver must give an employee seven days to revoke his or her signature, which I did within three days." (Letter of Sharon McLeod dated June 26, 2016) ("McLeod letter")).

Discussion

The first issue is whether the MOU is an enforceable contract. If it is, then it must be determined whether Ms. McLeod had a right to rescind.

A. Enforceability of the MOU

Parties may enter into a preliminary agreement, such as the MOU, that "provide for the execution of more formal agreements." Adjustrite Systems, Inc. v. GAB Business Services, Inc., 145 F.3d 543, 547 (2d Cir. 1998). "[P]reliminary agreements constitute binding contracts, 'even if a more formal agreement never materializes'". Jian Wang v. International Business Machines Corp., No. 11 Civ. 2992, 2014 WL 6645251, at *3 (S.D.N.Y. Oct. 7, 2014), aff'd sub nom. Jian Wang v. IBM, 634 F. App'x 326 (2d Cir. 2016) (quoting EQT Infrastructure Ltd. v. Smith, 861 F. Supp. 2d 220, 227 (S.D.N.Y. 2012)). To determine if a preliminary agreement is binding, "the key . . . is the

3

intent of the parties:  whether the parties intended to be bound
. . . ."  Adjustrite, 145 F.3d at 548-49.  The court looks to
four factors to determine whether a preliminary agreement is
binding in the absence of a final executed instrument:

> (1) whether there has been an express reservation of
> the right not to be bound in the absence of writing;
> (2) whether there has been partial performance of the
> contract;(3) whether all of the terms of the alleged
> contract have been agreed upon; and (4) whether the
> agreement at issue is the type of contract that is
> usually committed to writing.

Id. at 549 (quoting Winston v. Mediafare Entertainment Corp.,
777 F.2d 78, 80 (2d Cir. 1985)).

### 1. Language of the Agreement

The first and most important factor is the parties'
manifestation of an intent to be bound.  Adjustrite, 145 F.3d at
549.  "When a preliminary agreement is reduced to a writing
signed by the parties or their representatives, the plain
language of the agreement is the best evidence of the parties'
intent".  Jian, 2014 WL 6645251, at *3.

Here, the language in the MOU clearly indicates the
parties' intent to be bound.  The MOU plainly states, "The
parties have reached an agreement to settle the above-referenced
lawsuit." (MOU at 1).  The Second Circuit has found comparable
language to "convey a clear message of intention to settle."
Janneh v. GAF Corp., 887 F.2d 432, 436 (2d Cir. 1989) (finding
"I [Janneh] agree to settle my case for three thousand dollars"

4

indicative of intent to be bound) (alteration in original), overruled on other grounds by Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994); accord Jian, 2014 WL 6645251, at *4 (finding language stating that parties "have agreed to settle" demonstrated intent to be bound).   The language in the MOU conveys the parties' intent to settle.   Both parties and their attorneys signed the document formalizing the agreement.   Thus, the first and most significant factor favors enforcement.

### 2. Partial Performance

The factor of partial performance is inapplicable in this case.   Neither party has performed their respective duties.   Ms. McLeod has the responsibility of executing a formalized agreement in accordance with the terms of the MOU upon receipt of the settlement sum.   PCMH has not yet paid Ms. McLeod, although it is willing to do so.   This factor therefore does not bear on the ultimate decision.

### 3. Material Terms

The third factor favors enforcement of the agreement.   The MOU states particular, material components of the agreement such as a sum certain in exchange for a release of all claims.   The agreement further clarifies that "other standard terms and conditions typical to the resolution of employment discrimination claims" shall be included, such as strict

confidentiality, non-disparagement, no re-hire, and no admissions. (MOU, ¶¶ 1–4). Ms. McLeod does not contend that the agreement is incomplete or missing essential terms. Further, Ms. McLeod had the opportunity to include terms of her own, as reflected in the inclusion of an additional term requiring "a reference letter with dates of employment." (MOU, ¶ 3). The agreement resolves all material issues of the litigation. Therefore, the third factor favors enforcement.

    4. <u>Type of Contract</u>

The fourth and final factor is whether the agreement is one normally reduced to writing. "Settlements of any claim are generally required to be in writing or, at a minimum, made on the record in open court." <u>Ciaramella v. Reader's Digest Association, Inc.</u>, 131 F.3d 320, 326 (2d Cir. 1997). This factor favors enforcement because the agreement was in fact reduced to a signed writing.

The relevant factors clearly weigh in favor of the enforceability of the MOU. Therefore, the MOU is a contract that binds both parties.

    B. <u>Revocation</u>

The second issue is whether Ms. McLeod can rescind her assent to the settlement agreement.

> [O]nce reached, a settlement agreement constitutes a
> contract that is binding and conclusive and the
> parties are bound to the terms of the contract even if

> a party has a change of heart between the time of the agreement to the terms of the settlement and the time it is reduced to writing.

Elliott v. City of New York, No. 11 Civ. 7291, 2012 WL 3854892, at *2 (S.D.N.Y. Sept. 5, 2012) (alteration in original) (quoting MacDonald v. Dragone Classic Motor Cars, No. 95-CV-499, 2003 WL 22056626, at *6 (D. Conn. April 29, 2003)).   Ms. McLeod's "change of heart" is not a valid legal basis for rescission.

Nevertheless, Ms. McLeod argues that it was her understanding that "a waiver must give an employee seven days to revoke his or her signature."   (McLeod letter) (emphasis omitted).   The plaintiff does not cite any legal authority to support this proposition.   She is likely referring to an amendment to the Age Discrimination in Employment Act of 1967, called the Older Workers Benefit Protection Act, which provides for revocation of an agreement settling age discrimination claims within seven days of signing.   29 U.S.C § 626(f)(1)(G). However, Ms. McLeod's claims arise under Title VII, which contains no such provision.   Therefore, her argument for rescission fails.

Conclusion

For the reasons discussed above, I recommend that the defendants' motion to enforce the settlement (Docket no. 35) be granted and the plaintiff's request be denied.   Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal

Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.   Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Andrew L. Carter, Jr., Room 435, 40 Foley Square, New York, New York 10007, and to the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.   Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          September 30, 2016

Copies mailed this date to:

Sharon McLeod
150 Ocean Avenue, 1G
Brooklyn, New York 11225

Vartges Saroyan, Esq.
111-25 66th Ave., Suite 1A
Forrest Hills, NY 11375

Michael L. Abitabilo, Esq.
John D. Bryan, Esq.
Jackson Lewis, PC
4 South Broadway
White Plains, NY 10601